**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RODRIGO GONZALEZ,<br><br>*individually on behalf of himself and others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>IMPERFECT FOODS, INC. d/b/a MISFITS MARKET; MISFITS MARKET, INC., and WORKBRIDGE, LLC<br><br>*Defendants*. | Civil Action No.: |

**<u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>**

1. Plaintiff Rodrigo Gonzalez, by and through his undersigned counsel, brings this action against Defendants Imperfect Foods, Inc. d/b/a Misfits Market, Misfits Market, Inc. (together, the "Misfits Defendants") and Workbridge, LLC ("Workbridge") for violations of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201 *et. seq.* (the "FLSA") and the Maryland Wage Payment and Collection Law, as amended Md. Code Ann., Lab. & Emp., §§ 3-501 *et seq*. ("MWPCL")), and the Maryland Wage and Hour Law Overtime Provisions (the "MWHL"), Md. Code Ann., Lab & Empl. §§ 3-401 *et seq.*

2. Plaintiff and others similarly situated worked at the Misfits Defendants' warehouse in Hanover, Maryland. Plaintiff worked long shifts and taxing hours. Plaintiff Gonzalez worked the second shift, beginning in the early afternoon and ending around midnight. The work was difficult and strenuous. Plaintiff stocked heavy boxes of produce and other items in the Misfits Defendants' large warehouse.

3. For this difficult work, Plaintiff and others similarly situated were compensated at $15 per hour and $22.50 for overtime hours. But the minimum wage in Howard County, Maryland, where the Misfits Defendants' warehouse is located, was raised to $16 per hour on January 1, 2025. Accordingly, since January 1, 2025, Plaintiff and others similarly situated have been underpaid by one dollar per hour for all hours worked up to forty in any given workweek. Additionally, Plaintiff and others similarly situated have been underpaid by one dollar and fifty cents per hour for all hours worked in excess of forty in any given work week.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)) and 28 U.S.C. § 1331, which confers jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." This court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1337(a) relating to "any civil action or proceeding arising under an Act of Congress regulating commerce."

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a), which confers federal subject matter jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." As discussed below, Plaintiff's state-law claims arise from a common set of operative facts—*i.e.,* his employment by Defendants as a warehouse worker—and are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this district.

## PARTIES

7. Plaintiff Rodrigo Gonzalez is a resident of Maryland and was employed by Workbridge and the Misfits Defendants as a stocker in the Misfits Defendants' warehouse in Hanover, Maryland.

8. Defendant Imperfect Foods, Inc. d/b/a Misfits Market ("Misfits") is an online grocery subscription service assertedly focused on reducing food waste. Imperfect Foods, Inc. is incorporated in Delaware and headquartered in San Francisco and operates the warehouse that is the subject of this lawsuit in Hanover, Maryland.

9. Defendant Misfits Market, Inc. is an online grocery subscription service assertedly focused on reducing food waste. Misfits Market, Inc. is incorporated in Delaware and operates the warehouse that is the subject of this lawsuit in Hanover, Maryland.

10. Defendant Workbridge, LLC ("Workbridge") is a staffing agency based in Columbia, Maryland that assertedly provides workers to different industries including construction, cleaning, and warehouse jobs. Defendant Workbridge was the staffing company responsible for the employment of Plaintiff and others similarly situated at warehouse jobs in Howard County, Maryland.

11. At all times pertinent to this action, Defendants Workbridge and the Misfits Defendants were the employers of Plaintiff and others similarly situated within the meaning of the FLSA, MWPCL, and MWHL.

## FACTUAL ALLEGATIONS

12. Defendant Workbridge is a staffing agency based in Columbia, Maryland. Defendant Workbridge contracts with various employers throughout Maryland, Virginia, and D.C.

to provide workers to other entities in warehouse, construction, and other industries.

13. Defendant Imperfect Foods, Inc. d/b/a Misfits Markets, Inc., and Defendant Misfits Market, Inc. (the "Misfits Defendants") operate a warehouse located at 7481 Coca Cola Drive, Suite 100, Hanover, Maryland, 21076 (the "Warehouse").

14. The Warehouse is located in Howard County, Maryland.

15. On information and belief, Defendant Imperfect Foods Inc's. annual gross volume of sales made, or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

16. On information and belief, Defendant Misfits Market, Inc.'s annual gross volume of sales made, or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

17. The Misfits Defendants contract with Defendant Workbridge for labor at the Warehouse. While some Warehouse workers are employed directly by the Misfits Defendants, the majority of workers at the Warehouse are provided by Workbridge.

18. On information and belief, Defendant Workbridge's annual gross volume of sales made, or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

19. Plaintiff Gonzalez sought employment through Workbridge in approximately April 2024. Shortly after his first contact with Workbridge, he was placed to work at the Warehouse as a stocker. Plaintiff Gonzalez worked as a stocker at the Misfits Warehouse for approximately one year, from approximately April 2024 to April 2025.

20. Both the Misfits Defendants and Defendant Workbridge tracked the worktime of

Plaintiff and others similarly situated.

21. Throughout their workday, Plaintiff and others similarly situated had to lift heavy boxes of food, and sort and pack food in a fast-paced environment.

22. Plaintiff and others similarly situated were supervised by personnel from the Misfits Defendants and Workbridge. Supervisors from the Misfits Defendants and Workbridge would tell Plaintiff and others similarly situated what their daily assignments were and provided them with supervision and feedback. Supervisors from the Misfits Defendants and Workbridge often instructed Plaintiff and others similarly situated to work more quickly.

23. Plaintiff and others similarly situated schedules were typically set by Workbridge.

24. Plaintiff often worked in excess of forty hours per week.

25. Workbridge paid Plaintiff and others similarly situated. Plaintiff and others similarly situated were typically paid by direct deposit or on a debit card.

26. The Misfits Defendants controlled the Warehouse and there were always supervisors from the Misfits Defendants on site when Plaintiff and others similarly situated were working.

27. Workbridge was responsible for hiring Plaintiff and others similarly situated. Both the Misfits Defendants and Workbridge had the power to fire Plaintiff and others similarly situated.

28. There were some workers employed directly by the Misfits Defendants that were engaged in similar work as Plaintiff. On information and belief, these workers are compensated at least $16 per hour.

29. On January 1, 2025, the minimum wage in Howard County was raised to $16 per hour for employers with more than 15 employees. The corresponding minimum overtime rate

would be $24 per hour for all hours worked in excess of forty in any given workweek.

30. For the duration of their employment, Plaintiff and others similarly situated (the Warehouse workers who were brought in by Workbridge), were compensated at less than the applicable minimum wage for all hours. Plaintiff was compensated at $15 per hour for all hours worked up to forty in any one workweek.

31. Throughout their employment, Plaintiff and others similarly situated (the Warehouse workers who were brought in by Workbridge) were compensated at less than the applicable minimum overtime rate for hours worked over forty in any one workweek. Plaintiff was compensated at $22.50 per hour for overtime hours (all hours worked over forty in any one workweek).

32. Defendant Workbridge has more than fifteen employees.

33. Defendant Imperfect Foods, Inc. has more than fifteen employees.

34. Defendant Misfits Market, Inc. has more than fifteen employees.

35. Defendant Workbridge has continued to pay workers $15 per hour for work in Howard County, including at the Misfits Defendants' Warehouse.

36. Beginning on January 1, 2025, and going through the present, Plaintiff and others similarly situated are owed the difference between the applicable minimum wage and their actual wages for each hour worked up to forty in any given workweek, and 1.5 times that amount per hour for each hour worked over forty in any given workweek.

37. For all work performed at the Misfits Defendants' Warehouse, Defendants Workbridge and the Misfits Defendants are liable to Plaintiff and others similarly situated for their underpaid wages and underpaid overtime wages. For all work performed at locations in Howard

County other than the Misfits Defendants' Warehouse, Defendant Workbridge is liable for underpaid wages and overtime wages.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff re-alleges and incorporate by reference the above paragraphs as if fully set forth herein.

39. Defendants failed to pay Plaintiff, and all others similarly situated employees all wages due, as required by the FLSA.

40. This action can, and should, be maintained as a collective action for all claims to include unpaid overtime and liquidated damages that can be redressed under the FLSA.

41. Plaintiff seeks treatment of this case as a collective action on behalf of all individuals who: a) performed work for Defendant Workbridge in Howard County and b) were not paid their lawfully owed overtime wages, at any time from January 1, 2025, until the date of judgment.

42. The identities of the members of the proposed collective action are known to Defendants and can be located through their records.

43. If this case does not proceed as a collective action, Plaintiff intends to seek relief individually.

44. Plaintiff hereby consents to be a part of this action. As this case proceeds, it is expected that additional individuals will file consent forms and join as opt-in plaintiffs.

## CLASS ACTION ALLEGATIONS

45. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings class-action claims

for unpaid wages (including overtime wages) under the MWPCL and the MWHL.

46. Plaintiff brings these class action claims on behalf of himself and all other individuals who performed work for Workbridge in Howard County since January 1, 2025, and were not paid the legally required minimum wage or overtime rate ("Proposed Rule 23 Class").

47. Members of the Proposed Rule 23 Class are readily ascertainable. The identity of class members may be determined from Defendants' records.

48. The Proposed Rule 23 Class meets all the requirements of Rule 23(a) and (b)(3):

a. Numerosity: There are at least 70 persons who worked for Workbridge in Howard County and have been subjected to the challenged practices. Therefore, joinder of all class members would be impracticable.

b. Commonality: Plaintiff and all members of the Proposed Rule 23 Class have been compensated pursuant to the unlawful practices alleged herein and, therefore, one or more questions of law or fact are common to the Proposed Rule 23 Class. These common questions include, but are not limited to, the following:

i. Whether Defendants are joint employers of Plaintiff and the members of the Proposed Rule 23 Class;

ii. Whether Defendants failed to pay Plaintiff and the members of the Proposed Rule 23 Class their lawfully owed wages;

iii. Whether Defendants failed to pay Plaintiff and the members of the Proposed Rule 23 Class their lawfully owed overtime premiums;

iv. Whether Defendants alleged unlawful wage payments are violations of the FLSA, the MWPCL, and/or the MWHL.

c. Typicality: Plaintiff and members of the Proposed Rule 23 Class were subjected to the same unlawful policies, practices, and procedures, and sustained similar losses, injuries, and damages. All class members were subjected to the same compensation practices by Defendants and, as alleged herein, were denied payment at the proper rates. Plaintiff's claims are therefore typical of the claims that could be brought by any member of the Proposed Rule 23 Class, and the relief sought is typical of the relief that could be sought by each member of the Proposed Rule 23 Class in separate actions.

d. Adequacy of Representation: Plaintiff is able to fairly and adequately protect the interests of all members of the Proposed Rule 23 Class, as he is challenging the same practices of the Proposed Rule 23 Class as a whole, and there are no known conflicts of interest between Plaintiff and the members of the Proposed Rule 23 Class. Plaintiff has retained counsel who have extensive experience with the prosecution of wage-and-hour claims and complex class action litigation.

e. Predominance and Superiority: The common questions identified above predominate over any individual issues. A class action is superior to individual adjudications of this controversy. Pursuit of this action as a class would provide an efficient mechanism for adjudicating the claims of Plaintiff and the members of the Proposed Rule 23 Class.

## CAUSES OF ACTIONS

## COUNT I

### FLSA Minimum Wage and Overtime Violations, 29 U.S.C. §§ 201 *et seq.*

49. Plaintiff re-alleges and incorporates by reference the allegations set forth in the

preceding paragraphs.

50. The FLSA requires employers to pay at least federal minimum wage to non-exempt employees for all hours worked and an overtime premium of one-and one-half times the lawfully owed hourly rate for hours worked in excess of 40 hours in any one work week.

51. Plaintiff and others similarly situated working at the Misfits Defendants' Warehouse were "employees" and the Misfits Defendants were their employers as defined by 29 U.S.C. § 203.

52. Plaintiff and others similarly situated were "employees" and Defendant Workbridge was their employer as defined by 29 U.S.C. § 203.

53. Defendants violated the FLSA by knowingly failing to pay Plaintiff and other similarly situated individuals the proper overtime rate because they did not pay one-and one-half times the legally required hourly rate for hours worked in excess of forty in any one work week.

54. Defendants repeatedly failed to pay Plaintiff and the Collective Action Members all wages owed to them, including overtime wages.

55. The Misfits Defendants are liable to Plaintiff and the Collective Action Members for all work performed at the Warehouse under the FLSA, 26 U.S.C. § 216(b), for all unpaid overtime wages, plus an equal amount in liquidated damages, attorney's fees, litigation expenses, costs, and any other further relief this Court deems appropriate.

56. Defendant Workbridge is liable to Plaintiff and the Collective Action Members under the FLSA, 26 U.S.C. § 216(b), for all unpaid overtime wages, plus an equal amount in liquidated damages, attorney's fees, litigation expenses, costs, and any other further relief this Court deems appropriate

**COUNT II**

**MWPCL Wage Payment Violations, Md. Code Ann., Lab. & Emp. §§ 3-501 et seq.**

57. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

58. Defendants violated the MWPCL by failing to pay the Plaintiff and others similarly situated their legally required wages for all work performed at the Misfits Defendants' Warehouse.

59. The Misfits Defendants are employers of Plaintiff and others similarly situated working at the Warehouse and are covered by the MWPCL.

60. Defendant Workbridge is an employer of Plaintiff and others similarly situated in Howard County, and is an employer covered by the MWPCL.

61. Pursuant to MWPCL § 3-501(c)(1), a "wage" includes "all compensation that is due to an employee for employment."

62. Defendants were required to pay Plaintiff all wages due for work performed. MWPCL §§ 3-502; 3-505.

63. By paying Plaintiff and others similarly situated one dollar below the legally required minimum wage, Defendants have violated the MWPCL because they have not paid Plaintiff and others similarly situated all wages due.

64. By paying Plaintiff and others similarly situated one dollar and fifty cents less than the legally required overtime wage, Defendants have violated the MWPCL because they have not paid Plaintiff and others similarly situated all wages due.

65. Defendants, as joint employers are obligated to pay Plaintiff and others similarly situated their owed wages Md. Code, Lab. & Emp., §§ 3-501, 3-502, 3-507.2(C)(2).

66. Pursuant to § 3-507.2 of the MWPCL, the Misfits Defendants are liable to Plaintiff and Class Action Members for all work performed at the Warehouse for three times their unpaid wages, interest, attorneys' fees, costs, and any other relief this Court deems appropriate.

67. Pursuant to § 3-507.2 of the MWPCL, Defendant Workbridge is liable to Plaintiff and Class Action Members for all work performed in Howard County for three times their unpaid wages, interest, attorneys' fees, costs, and any other relief this Court deems appropriate.

## COUNT III

**MWHL Overtime Provisions, Md. Code Ann., Lab. & Emp. §§ 3-401 *et seq*.**

68. Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

69. Plaintiff and others similarly situated are employees of Defendants and are entitled to the MWHL's protections.

70. Defendants are and were employers within the meaning of the MWHL, Md. Code Ann. Lab. & Emp. § 3-401 *et seq.*, and were employers of Plaintiff and others similarly situated during their work at the Warehouse.

71. The MWHL requires employers to pay employees an overtime wage of at least 1.5 times their lawfully owed wages for hours worked over 40 in one workweek,

72. Defendants failed to pay Plaintiff and others similarly situated one-and-a-half times their lawfully owed hourly rate for hours worked in excess of forty in any one workweek, in violation of Md. Code Ann. Lab. & Emp. § 3-415(a).

73. In violating the MWHL, Defendants acted willfully and with reckless disregard of

clearly applicable MWHL provisions.

74. Defendants are liable to Plaintiff and all others similarly situated for unpaid overtime wages, plus liquidated damages, interest, attorneys' fees, costs, and any other relief this Court deems appropriate pursuant to §§ 3-427(a) & (d) of the MWHL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants on all counts, jointly and severally, and grand the following relief:

a. Certify this matter as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b);

b. Certify this matter as a class action under Fed. R. Civ. P. 23(b) for the Maryland Wage Payment and Collection Law and Maryland Wage and Hour Law claim and appoint Plaintiff as representative of the Class and the undersigned attorneys as Class Counsel;

c. Determine the damages sustained by Plaintiff and all similarly situated individuals as a result of Defendants' violations of the FLSA and award such damages against Defendants in favor of Plaintiff and all similarly situated individuals, plus an equal amount as liquidated damages pursuant to 29 U.S. C. § 216(b), plus interest as may be allowed by law;

d. Determine the damages sustained by Plaintiff and all similarly situated individuals as a result of Defendants' violations of the MWPCL and MWHL and award such damages against Defendants in favor of Plaintiff and all similarly situated individuals, plus double that amount as liquidated damages pursuant, plus interest

as may be allowed by law;

e. Find that Defendants' actions were willful, not in good faith, not reasonable, and not the result of a bona fide dispute;

f. Award Plaintiff liquidated and compensatory damages to the fullest extent permitted under the law;

g. Award a reasonable award to Plaintiff to compensate him for the time and effort he has spent and will spend protecting the interests of the Class, and for the risks he took in doing so,

h. Award Plaintiff litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law;

i. Award Plaintiff prejudgment interest at the legal rate from the date of violations until judgment, and post-judgment interest at the legal rate thereafter;

j. Order Defendants to cease and desist from violating the FLSA, MWPCL, and MWHL;

k. Order any additional relief authorized by law or that the Court deems just and proper.

Dated: August 14, 2026

Respectfully Submitted,

/s/ Rachel Nadas

Rachel Nadas, D. Md. Bar No. 31840
Matthew K. Handley, D. Md. Bar No. 18636
1050 Connecticut Avenue NW, Suite 500
HANDLEY FARAH & ANDERSON PLLC
Washington, DC 20036

Telephone: 202-899-2991
email: rnadas@hfajustice.com

Matthew B. Kaplan, D. Md. Bar No. 18721
THE KAPLAN LAW FIRM
1100 N Glebe Rd, Suite 1010
Arlington, VA 22201
(703) 665-9529
mbkaplan@thekaplanlawfirm.com

*Attorneys for Plaintiff*